David E. Hardin   (0066415)
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| KATHY GORDON-JACKSON, | : | CASE NO. : C-1-00-813 |
| Plaintiff, | : | Judge Dlott |
| | : | Magistrate Judge Hogan |
| vs. | : | |
| CITY OF CINCINNATI, et. al. | : | **MOTION TO ENFORCE THE SETTLEMENT AGREEMENT, OR IN THE ALTERNATIVE, A MOTION TO RESET THE MATTER ON THE COURT'S DOCKET** |
| Defendants. | : | |

\* \* \* \* \* \* \* \*

Now comes the Plaintiff by and through counsel, and hereby requests this Court for an Order enforcing the terms of the Settlement Agreement entered into by the parties on October 9, 2002. The terms of the Settlement Agreement are memorialized in a fully executed October 9, 2002 letter from Plaintiff's counsel to Defendant's counsel. In the October 9, 2002 Settlement Agreement, Plaintiff agreed to dismiss the above-captioned case. In return for this consideration, the Defendant City, agreed to actively, and in good faith, search for a lateral position for the Plaintiff in the Water Works Department or any other department in the City of Cincinnati except for the Health Department. The lateral transfer was to come with a commensurate salary and benefits and was to be agreeable to the Plaintiff. The lateral position was also to utilize her current qualifications and job skills. Finally, the Defendant City agreed to pay reasonable attorney fees in the amount of $12,500.00. (A signed copy of the October 9, 2002 agreement is attached hereto as "Exhibit 1")

The October 9, 2002 Settlement Agreement also contained a jurisdictional reservation for the Court to set the above-captioned case back on the trial docket if and when, the parties were unable to accomplish the terms of the Settlement Agreement contained within the October 9, 2002 letter.

Despite the explicit terms of the agreement, the City has been unable, or unwilling, to abide by the terms of the Settlement Agreement. The Defendant City has not once proffered or even suggested a commensurate lateral position within the City of Cincinnati for Plaintiff to transfer into.

Since the date the agreement was executed, counsel for the parties have exchanged several correspondences regarding placement of Plaintiff within the City of Cincinnati. (See copies of six correspondences between counsel attached hereto as "Exhibits 2-7" respectively).

However, on only one occasion did the Defendant City provide Plaintiff with any listing of available positions. Enclosed with its April 11, 2003 letter to Plaintiff's counsel, Defendant City enclosed an eighty-one (81) page "City of Cincinnati Vacant Position Report", encompassing more than 1000 jobs from lifeguard to coroner. (A copy of the 81 page vacancy list is attached hereto as "Exhibit 8").

The 81 page vacant position list exhibited the City's unwillingness to abide by the terms of the agreement. To date, the City has not made a good faith effort to abide by the terms of the Settlement Agreement entered into by the parties. Plaintiff relied upon Defendant's commitment to actively and in good faith search for a lateral position for Plaintiff within the City of Cincinnati. The City has breached its end of the agreement to the detriment of the Plaintiff.

Based on the above, Plaintiff respectfully requests this Court to order Defendant City of Cincinnati to enforce the terms of the Settlement Agreement, order Defendants to find Plaintiff a

lateral position and pay to Plaintiff $12,500.00 in attorney fees within thirty (30) days, access court costs, and any other relief this Court deems proper. In the alternative, Plaintiff requests the Court to set this matter on the next available trial docket for further proceedings.

    Respectfully Submitted,

    /s/ David E. Hardin
    David E. Hardin, Esq.　　　　　　(0066415)
    Attorney for Plaintiff Kathy Gordon-Jackson
    Hardin, Lefton, Lazarus & Marks, LLC
    Suite 915, 30 Garfield Place
    Cincinnati, Ohio 45202-4322
    (513) 721-7300 (Office)
    (513) 721-7008 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Enforce the Settlement Agreement, or In The Alternative, A Motion To Reset The Matter On The Court's Docket has been served upon Thomas Harris III, Assistant City Solicitor, Trial Attorney for all defendants, to Room 214, City Hall, 801 Plum Street, Cincinnati, Ohio 45202, by electronic e-filing, this 9th day of October, 2003.

    /s/ David E. Hardin
    David E. Hardin, Esq.　　　　　　(0066415)